IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
CLERK

08 OCT 27 PM 4:27

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

------------------------------------------------------------X

ROGER RESSMEYER, individually
and on behalf of all other similarly
situated persons; and RICHARD MINDEN,
individually and on behalf of all
other similarly situated persons, as well as the following
plaintiffs in their individual capacity: CHARLES KREBS,
CHIP SIMONS, CTEIN, DAN SHEEHAN, DAN
STEINHARDT, DAVID MALIN, DAVID SCHARF, DOUG
LANDRETH, ED DARACK, FRANK SITEMAN, FRED
HIRSCHMANN, G. BRAD LEWIS, JAY M. PASACHOFF,
JEFF FOOTT, JIM REED, JIM SUGAR, KAREN
KASMAUSKI, LOUIE PSIHOYOS, NANCY KEDERSHA,
NATALIE FOBES, PATRICK BYRD, PAUL BOWEN, PETER
GINTER, RICHARD CRISP, SCOTT ANDREWS, SETH
RESNICK, STEPHEN FRINK, STEVEN KAZLOWSKI,
STUART WESTMORLAND, TONY HALLAS, WILLIAM
JAMES WARREN, WILLIAM RADCLIFFE, CHAD
KLEITSCH, CAREN BRINKEMA, YOAV LEVY, BIRGITTE WILMS,
CHRIS NEWBERT, CARR CLIFTON, CHRISTIAN ZIEGLER, HELENA
MEYER, COLIN MONTEATH, FLIP NICKLIN, FRED
BAVENDAM, GERRY ELLIS, HEIDI KOCH, HANS-JURGEN
KOCH, HIROYA MINAKUCHI, INGO ARNDT, KATHERINE FENG,
KONRAD WOTHE, MARK MOFFETT, MARK RAYCROFT,
MATTHIAS BREITER, MICHAEL FOGDEN, PATRICIA
FOGDEN, MICHAEL DURHAM, MICHAEL QUINTON,
NAOKO HOSHINO, MIKE PARRY, MISUAKI IWAGO,
NORBERT WU, PATRICIO ROBLES GIL, PETE OXFORD,
PIOTR NASKRECKI, RICHARD DU TOIT, SHIN YOSHINO,
SUMIO HARADA, SUZI ESTERHAS, TIM FITZHARRIS,
DOROTHY VEZO, TUI DE ROY, ZHINONG XI, SAN DIEGO
ZOO, YVA MOMATIUK, JOHN EASTCOTT, CHRIS ROGERS,
COCO McCOY, DAN McCOY, MARK NEWMAN, MICHAEL
DOOLITTLE, PAUL SKELCHER, SKIP MOODY, THE ESTATE
OF T.J. FLORIAN, TOM McCARTHY, and WILLIAM McCOY,

Plaintiffs,

v.

GETTY IMAGES, INC.

Defendant.

------------------------------------------------------------X

Civil Action No.

COMPLAINT AND
JURY DEMAND

IRIZARRY, J.

LEVY M.J

The Plaintiffs, by and through undersigned counsel for a Complaint and Jury Demand, assert and allege as follows:

## NATURE OF THE ACTION

1.      This action seeks damages based upon copyright infringement, breach of contract, and unjust enrichment, engaged in by defendant Getty Images, Inc.

2.      Getty licensed and caused to be distributed the copyrighted images of Plaintiffs for display, internet use and/or publication in violation of the Copyright Act of 1976, 17 U.S.C. § 101 et seq. All Plaintiffs are photographers and the registered copyright owners in their respective images.  All Plaintiffs are third-party beneficiaries to Rights Managed Image Distribution Agreements  ("RMID agreements") between Getty and Getty's image partners, including, inter alia, Science Faction Images (a subsidiary of Visions of Tomorrow, Inc.) and Minden Pictures. The RMID agreements expressly grant Plaintiffs the right to bring suit in their individual capacity.  The RMID Agreements also grant Getty the limited right to license Plaintiffs' images on a use-by-use basis. The royalty to be paid for each and every use under the RMID agreements is an "open price term" whereby Getty is obligated to set each per use royalty in good-faith and on a commercially reasonable basis.  More, the RMID agreements protect the interest of Plaintiffs' copyrighted images by preventing the use of the images by simply anyone, or for certain purposes or for unchecked uses.  Getty disregarded its obligations under the RMID agreements by allowing impermissible access to Plaintiffs' images in a Getty product known as Premium Access.  Getty's Premium Access product does not track how, where or in what medium the images are used nor the duration of use.  Getty's Premium Access product, thereby,

2

allows Plaintiffs' copyrighted images to be used in a manner beyond the scope of the RMID agreements and without paying additional royalties. By disregarding the RMID agreements in such a manner, Getty caused the proliferation of Plaintiffs' images in violation of the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

3.     Getty breached the express terms of the Science Faction RMID agreement. The limited royalties Getty did charge, were charged in bad-faith and in a commercially unreasonable manner. Getty did so to dramatically undercut the market, thereby increasing its market share and enriching itself, at the expense of Plaintiffs. Getty had the specific obligation under the Science Faction RMID agreement to set royalties and discounts in a reasonable manner, which means commercially reasonable. By granting essentially royalty free use, Getty breached the express terms of the Science Faction RMID agreement.

4.     Getty breached the implied covenants of good faith of the RMID agreements including, but not limited to, those with Science Faction and Minden Pictures, by failing to set royalties in a commercially reasonable matter. All RMID agreements are believed to be governed by the law of the State of Washington. Pursuant to the RMID agreements with Getty, the royalties to be charged were an "open price term". As an "open price term", Getty had the affirmative obligation under § 2-305 of the Washington Uniform Commercial Code to set the use-by-use royalties in a commercially reasonable manner. By granting essentially royalty free use, Getty breached both the Science Faction and Minden RMID agreements.

5.     Getty is liable for unjust enrichment. Getty received substantial profit and increased its market share at the expense of Plaintiffs. There is no adequate legal remedy.

3

## JURISDICTION AND VENUE

6.     This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the

"Copyright Act"). Jurisdiction of the Court is invoked under 28 U.S.C. § 1331, as a civil action

arising under the Constitution, laws, or treaties of the United States; under 28 U.S.C. §1338; and

under this Court's supplemental jurisdiction under 28 U.S.C § 1367.

7.     Venue is proper under 28 U.S.C. §1391 since Getty is a New York corporation.

Further, Getty conducts continued and systematic business within the State of New York, and

comes under the jurisdiction of this court under the New York Long Arm statute.

## PARTIES

8.     Plaintiff Roger Ressmeyer, individually and as putative class representative, is a

resident of Mercer Island, Washington. Plaintiff Ressmeyer's photographs were licensed by

Science Faction for certain uses by defendant Getty in rights managed products. Science Faction

is based on Mercer Island, Washington, and specialized in licensing science-based photographic

content to a variety of individuals and entities, including defendant Getty.

9.     Plaintiff Richard Minden, individually and as putative class representative, is a

resident of Watsonville, California. Plaintiff Minden's photographs were licensed by Minden

Pictures for certain uses by defendant Getty in rights managed products. Minden Pictures is

based in Watsonville, California, and is a leading provider of high quality wildlife and nature

photographs. Minden Pictures licenses photographic content to a variety of individuals and

entities. Minden Pictures formerly licensed such content to defendant Getty.

10.     Plaintiff Charles Krebs, individually, is a resident of Issaquah, Washington.

4

Plaintiff Krebs' photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

11.     Plaintiff Chip Simons, individually, is a resident of Bosque Farms, New Mexico. Plaintiff Simons' photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

12.     Plaintiff Ctein, individually, is a resident of Daly City, California. Plaintiff's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

13.     Plaintiff Dan Sheehan, individually, is a resident of St Joseph, Michigan. Plaintiff Sheehan's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

14.     Plaintiff Dan Steinhardt, individually, is a resident of Pittsford, New York. Plaintiff Steinhardt's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

15.     Plaintiff David Malin, individually, is a resident of Bayview, NSW, Australia. Plaintiff Malin's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

16.     Plaintiff David Scharf, individually, is a resident of Los Angeles, California. Plaintiff Scharf's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

17.     Plaintiff Doug Landreth, individually, is a resident of Seattle, Washington. Plaintiff Landreth's photographs were licensed by Science Faction for certain uses by defendant

5

Getty in rights managed products.

18.     Plaintiff Ed Darack, individually, is a resident of Davis, California.  Plaintiff

Darack's photographs were licensed by Science Faction for certain uses by defendant Getty in

rights managed products.

19.     Plaintiff Frank Siteman, individually, is a resident of Winchester, Massachusetts.

Plaintiff Siteman's photographs were licensed by Science Faction for certain uses by defendant

Getty in rights managed products.

20.     Plaintiff Fred Hirschmann, individually, is a resident of Wasilla, Alaska.  Plaintiff

Hirschmann's photographs were licensed by Science Faction for certain uses by defendant Getty

in rights managed products.

21.     Plaintiff G. Brad Lewis, individually, is a resident of Hawaii National Park,

Hawaii.  Plaintiff Lewis' photographs were licensed by Science Faction for certain uses by

defendant Getty in rights managed products.

22.     Plaintiff Jay M. Pasachoff, individually, is a resident of Williamstown,

Massachusetts.  Plaintiff Pasachoff's photographs were licensed by Science Faction for certain

uses by defendant Getty in rights managed products.

23.     Plaintiff Jeff Foott, individually, is a resident of Moab, Utah.  Plaintiff Foott's

photographs were licensed by Science Faction for certain uses by defendant Getty in rights

managed products.

24.     Plaintiff Jim Reed, individually, is a resident of Wichita, Kansas.  Plaintiff Reed's

photographs were licensed by Science Faction for certain uses by defendant Getty in rights

managed products.

6

25.     Plaintiff Jim Sugar, individually, is a resident of Mill Valley, California.  Plaintiff Sugar's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

26.     Plaintiff Karen Kasmauski, individually, is a resident of Falls Church, Virginia. Plaintiff Kasamauski's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

27.     Plaintiff Louie Psihoyos, individually, is a resident of Boulder, Colorado. Plaintiff Psihoyos' photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

28.     Plaintiff Nancy Kedersha, individually, is a resident of Cambridge, Massachusetts. Plaintiff Kedersha's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

29.     Plaintiff Natalie Fobes, individually, is a resident of Seattle, Washington. Plaintiff Fobes' photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

30.     Plaintiff Patrick Byrd, individually, is a resident of Austin, Texas.  Plaintiff Byrd's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

31.     Plaintiff Paul Bowen, individually, is a resident of Wichita, Kansas.  Plaintiff Bowen's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

32.     Plaintiff Peter Ginter, individually, is a resident of Lohmar, Germany.  Plaintiff

7

Ginter's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

33.     Plaintiff Richard Crisp, individually, is a resident of Castro Valley, California. Plaintiff Crisp's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

34.     Plaintiff Scott Andrews, individually, is a resident of Annandale, Virginia. Plaintiff Andrews' photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

35.     Plaintiff Seth Resnick, individually, is a resident of Miami Beach, Florida. Plaintiff Resnick's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

36.     Plaintiff Stephen Frink, individually, is a resident of Key Largo, Florida. Plaintiff Frink's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

37.     Plaintiff Steven Kazlowski, individually, is a resident of Seattle, Washington. Plaintiff Kazlowski's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

38.     Plaintiff Stuart Westmorland, individually, is a resident of Mill Creek, Washington. Plaintiff Westmorland's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

39.     Plaintiff Tony Hallas, individually, is a resident of Foresthill, California. Plaintiff Hallas' photographs were licensed by Science Faction for certain uses by defendant Getty in

8

rights managed products.

40. Plaintiff William James Warren, individually, is a resident of Carlsbad, California. Plaintiff Warren's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

41. Plaintiff William Radcliffe, individually, is a resident of Redmond, Washington. Plaintiff Radcliffe's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

42. Plaintiff Chad Kleitsch, individually, is a resident of Rhinebeck, New York. Plaintiff Kleitsch's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

43. Plaintiff Caren Brinkema, individually, is a resident of Seattle, Washington. Plaintiff Brinkema's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

44. Plaintiff Yaov Levy, individually, is a resident of New York, New York. Plaintiff Levy's photographs were licensed by Science Faction for certain uses by defendant Getty in rights managed products.

45. Plaintiff Birgitte Wilms, individually, is a resident of Wentworth, New Hampshire. Plaintiff Wilms' photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.44.

45. Plaintiff Chris Newbert, individually, is a resident of Wentworth, New Hampshire. Plaintiff Newbert's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

9

46.     Plaintiff Carr Clifton, individually, is a resident of Taylorsville, California. Plaintiff Clifton's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

47.     Plaintiff Christian Ziegler, individually, is a resident of Princeton, New Jersey. Plaintiff Ziegler's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

48.     Plaintiff Helena Meyer, individually, the surviving spouse of Claus Meyer, is a resident of Rio de Janeiro, Brazil.  Plaintiff Meyer's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

49.     Plaintiff Colin Monteath, individually, is a resident of Christ Church, New Zealand. Plaintiff Moneath's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

50.     Plaintiff Flip Nicklin, individually, is a resident of Juneau, Alaska.  Plaintiff Nicklin's photographs were licensed by Minden Pictures and Science Faction for certain uses by defendant Getty in rights managed products.

51.     Plaintiff Fred Bavendam, individually, is a resident of Sarasota, Florida.  Plaintiff Bavendam's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

52.     Plaintiff Gerry Ellis, individually, is a resident of Portland, Oregon.  Plaintiff Ellis' photographs were licensed by Minden Pictures and Science Faction for certain uses by defendant Getty in rights managed products.

53.     Plaintiff Heidi Koch, individually, is a resident of Frieberg, Germany.  Plaintiff

10

Koch's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

54.     Plaintiff Hans-Jurgen Koch, individually, is a resident of Frieberg, Germany. Plaintiff Koch's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

55.     Plaintiff Hiroya Minakuchi, individually, is a resident of Yokohama, Japan. Plaintiff Minakuchi's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

56.     Plaintiff Ingo Arndt, individually, is a resident of Langen, Germany. Plaintiff Arndt's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

57.     Plaintiff Katherine Feng, individually, is a resident of Durango, Colorado. Plaintiff Feng's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

58.     Plaintiff Konrad Wothe, individually, is a resident of Penzberg, Germany. Plaintiff Wothe's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

59.     Plaintiff Mark Moffett, individually, is a resident of Greenport, New Hampshire. Plaintiff Moffett's photographs were licensed by Minden Pictures and Science Faction for certain uses by defendant Getty in rights managed products.

60.     Plaintiff Mark Raycroft, individually, is a resident of Trenton, Ontario, Canada. Plaintiff Raycroft's photographs were licensed by Minden Pictures for certain uses by defendant

11

Getty in rights managed products.

61. Plaintiff Matthias Breiter, individually, is a resident of Kenora, Ontario, Canada. Plaintiff Breiter's photographs were licensed by Minden Pictures and Science Faction for certain uses by defendant Getty in rights managed products.

62. Plaintiff Michael Fogden, individually, is a resident of North Uist, Western Isles, Scotland. Plaintiff Fogden's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

63. Plaintiff Patricia Fogden, individually, is a resident of North Uist, Western Isles, Scotland. Plaintiff Fogden's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

64. Plaintiff Michael Durham, individually, is a resident of Portland, Oregon. Plaintiff Durham's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

65. Plaintiff Michael Quinton, individually, is a resident of Slana, Alaska. Plaintiff Quinton's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

66. Plaintiff Naoko Hoshino, individually as surviving spouse of decedent Michio Hoshino is a resident of Fairbanks, Alaska. Plaintiff Hoshino's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

67. Plaintiff Mike Parry, individually, is a resident of Nerang DC, Queensland, Australia. Plaintiff Parry's photographs were licensed by Minden Pictures and Science Faction for certain uses by defendant Getty in rights managed products.

68.    Plaintiff Mitsuaki Iwago, individually, is a resident of Tokyo, Japan. Plaintiff Iwago's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

69.    Plaintiff Norbert Wu, individually, is a resident of Pacific Grove, California. Plaintiff Wu's photographs were licensed by Minden Pictures and Science Faction for certain uses by defendant Getty in rights managed products.

70.    Plaintiff Patricio Robles Gil, individually, is a resident of Mexico City, Mexico. Plaintiff Gil's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

71.    Plaintiff Pete Oxford, individually, is a resident of Quito, Ecuador. Plaintiff Oxford's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

72.    Plaintiff Piotr Naskrecki, individually, is a resident of Woburn, Massachusetts. Plaintiff Naskrecki's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

73.    Plaintiff Richard Du Toit, individually, is a resident of Sandton, South Africa. Plaintiff Du Toit's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

74.    Plaintiff Shin Yoshino, individually, is a resident of Saitama, Japan. Plaintiff Yoshino's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

75.    Plaintiff Sumio Harada, individually, is a resident of West Glacier, Montana.

13

Plaintiff Harada's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

76. Plaintiff Suzi Eszterhas, individually, is a resident of San Rafael, California. Plaintiff Eszterhas's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

77. Plaintiff Tim Fitzharris, individually, is a resident of Santa Fe, New Mexico. Plaintiff Fitzharris' photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

78. Plaintiff Dorothy Vezo, individually as surviving wife of decendent Tom Vezo, is a resident of Green Valley, Arizona. Plaintiff Vezo's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

79. Plaintiff Tui De Roy, individually, is a resident of Takaka, Golden Bay, New Zealand. Plaintiff De Roy's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

80. Plaintiff Zhinong Xi, individually, is a resident of Beijing, China. Plaintiff Xi's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

81. Plaintiff San Diego Zoo's, individually, photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

82. Plaintiff Yva Momatiuk, individually, is a resident of Hurley, New York. Plaintiff Momatiuk's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

14

83.     Plaintiff John Eastcott, individually, is a resident of Hurley, New York. Plaintiff Eastcott's photographs were licensed by Minden Pictures for certain uses by defendant Getty in rights managed products.

84.     Plaintiff Chris Rogers', individually, photographs were licensed by Science Faction, on behalf of Rainbow, of Santa Fe, New Mexico, for certain uses by defendant Getty in rights managed products.

85.     Plaintiff Coco McCoy, individually, is a resident of Santa Fe, New Mexico. Plaintiff McCoy's photographs were licensed by Science Faction, on behalf of Rainbow, for certain uses by defendant Getty in rights managed products.

86.     Plaintiff Dan McCoy, individually, is a resident of Santa Fe, New Mexico. Plaintiff McCoy's photographs were licensed by Science Faction, on behalf of Rainbow, for certain uses by defendant Getty in rights managed products.

87.     Plaintiff Mark Newman, individually, is a resident of Anchorage, Alaska. Plaintiff Newman's photographs were licensed by Science Faction, on behalf of Rainbow, for certain uses by defendant Getty in rights managed products.

88.     Plaintiff Michael Doolittle, individually, is a resident of New Haven, Connecticut. Plaintiff Doolittle's photographs were licensed by Science Faction, on behalf of Rainbow, for certain uses by defendant Getty in rights managed products.

89.     Plaintiff Paul Skelcher, individually, is a resident of Hamden, Connecticut. Plaintiff Skelcher's photographs were licensed by Science Faction, on behalf of Rainbow, for certain uses by defendant Getty in rights managed products.

90.     Plaintiff Skip Moody, individually, is a resident of Walled Lake, Michigan. Plaintiff Moody's photographs were licensed by Science Faction, on behalf of Rainbow, for certain uses by defendant Getty in rights managed products.

91.     Plaintiff, the estate of T.J. Florian, individually, is located in North Prairie, Wisconsin.  Plaintiff Florian's photographs were licensed by Science Faction, on behalf of Rainbow, for certain uses by defendant Getty in rights managed products.

92.     Plaintiff Tom McCarthy, individually, is a resident of New York, New York. Plaintiff McCarthy's photographs were licensed by Science Faction, on behalf of Rainbow, for certain uses by defendant Getty in rights managed products.

93.     Plaintiff William McCoy's, individually, photographs were licensed by Science Faction, on behalf of Rainbow, for certain uses by defendant Getty in rights managed products.

94.     Defendant Getty Images, Inc. ("Getty") is a New York Corporation with its principal place of business in Seattle, Washington.  Defendant Getty is licensed to transact lawful business within the State of New York.


## ALLEGATIONS SPECIFIC TO THE SCIENCE FACTION PLAINTIFFS

95.     The Science Faction plaintiffs are third party beneficiaries to an RMID agreement dated October 7, 2004, and amended on August 17, 2005, between defendant Getty and Science Faction, whereby Science Faction granted certain limited rights to defendant Getty to use the Science Faction plaintiffs' images in defendant Getty's rights managed products.

96.     Plaintiffs have the individual right to recover their damages occasioned by defendant Getty's breach of the RMID agreement with Science Faction.

16

97.     The Science Faction RMID agreement is governed by the law of Washington State.

### ALLEGATIONS SPECIFIC TO MINDEN PICTURES PLAINTIFFS

98.     The Minden Pictures plaintiffs are third party beneficiaries to a RMID agreement dated July 18, 2006 between defendant Getty and Minden Pictures, whereby Minden Pictures granted certain limited rights to defendant Getty to use the Minden Pictures plaintiffs' images in defendant Getty's rights managed products.

99.     Plaintiffs have the individual right to recover their damages occasioned by defendant Getty's breach of the RMID agreement with Minden Pictures.

100.    The Minden RMID agreement is governed by the law of Washington State.

### GENERAL ALLEGATIONS PERTAINING TO ALL SCIENCE FACTION AND MINDEN PLAINTIFFS

101.    All Plaintiffs specifically named herein are third party beneficiaries of RMID agreements with either Science Faction or Minden Pictures.  Both the Science Faction and Minden RMID agreements with defendant are substantially identical.

102.    All Plaintiffs specifically name herein are third party beneficiaries of contracts with either Science Faction or Minden Pictures.

### GENERAL ALLEGATIONS PERTAINING TO ALL PUTATIVE CLASS MEMBERS

103.    All putative class members are professional photographers whose copyrighted images are licensed pursuant to RMID agreements with defendant Getty.

104.    All of the putative class members are photographs and authorized Getty to license the rights to their copyrighted images in "rights managed" products pursuant to an RMID

agreement. Rights managed is defined by Getty as "License images on a use-by-use basis." *See* www.gettyimages.com last viewed October 24, 2008.

105. Rights managed is universally recognized in the stock photography industry as a licensing model in which the rights to a creative work are carefully controlled by a licensor through use of exact and limiting wording of each successive grant of usage rights.

106. Rights managed is considered in the stock photography industry to be the opposite of "royalty free" licensing.

107. Royalty free is defined by Getty as "License images for multiple uses without added fees." *See* www.gettyimages.com last viewed October 24, 2008.

108. Royalty free denotes a broad or almost unlimited use of an image or group of images by a licensee for a single licensee fee. Royalty free license agreement typically specifies some limitations (e.g., resale of the image to a third party is usually prohibited). The terms of royalty free license agreements vary and often include warnings or disclaimers regarding liability in connection with model-released imagery.

109. Defendant Getty breached the RMID agreements including those with image partners Science Faction and Minden Pictures, which authorized Getty to use the subject images in certain rights managed products. Notwithstanding those RMID agreements, Getty in fact incorporated the subject photographs into a new royalty free product called Premium Access. Premium Access is a subscription service that Getty sells to its customers, including some of the largest media companies in the world. Getty's customers pay a flat fee and use multiple images from Premium Access. Getty then divides the revenues and pays a pro-rata share to each photograph downloaded from Premium Access. This has resulted in payments as low as $2.08

18

for high quality photographs that Getty is required to set commercially reasonable prices for and regulate the usage of. This scheme violates the RMID agreements.

110. More, the RMID agreements require Getty to ascertain the licensed use. Such tracking is critical to photographers who need to be able to ascertain the uses currently licensed in order to control the exclusivity of their photographs. Thus, it is necessary to maintain control and negotiate each license on a per use basis.

111. By completely disregarding its obligations under the RMID agreements, Getty allowed the nearly unfettered right to use the copyrighted images for multiple purposes outside the scope of the RMID agreements and without paying additional royalties. By disregarding the RMID agreements in such a manner, Getty facilitated the proliferation of Plaintiffs' images in an infringing manner.

112. The RMID agreements are "open price term" agreements, whereby Getty is to set the royalties and discounts in a commercially reasonable manner and in good-faith.

113. In Premium Access, Getty essentially allows its customers to set the amount of photographers' royalties themselves. Not surprisingly, this results in royalties equal to a tiny fraction of the commercial value of the photographers' photographs. This violates the UCC § 2-305, breaches or falls outside the scope of any applicable contracts requiring that Getty manage the rights to Plaintiffs' images, and also constitutes copyright infringement.

## CLASS ACTION ALLEGATIONS

114. Class Representatives bring this action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a Class, consisting of all persons,

entities, or third-party beneficiaries who had RMID agreements with Getty between October 27, 2002 to October 27, 2008.

115.    The Class consists of thousands of photographers located throughout the United States, and worldwide, thus the members of the Class are so numerous that joinder of all members is impracticable. The exact number of Class members is unknown to Plaintiffs at this time, but can readily be ascertained through appropriate discovery.

116.    Class representatives will fairly and adequately protect the interests of the Class and have retained counsel competent and experienced in class actions and copyright litigation. Class representatives have no interests that are adverse or antagonistic to those of the Class.

117.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the damages suffered by many individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to individually seek redress for the wrongful conduct alleged herein.

118.    Class representatives claims are typical of the claims of the other members of the Class as all members of the Class were similarly affected by defendant's wrongful conduct in violation of federal law that is complained of herein.

119.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

      a.   Whether the Copyright Act was violated by defendant's acts as alleged herein;

      b.   Whether defendant breached its obligations under the UCC;

20

    c.   Whether defendant breached its duties to Plaintiffs as alleged herein; and,

    d.   Whether Plaintiffs and the members of the Class have sustained injury by reason of defendant's actions and omissions.

118.    Class Representatives envision no difficulty in the management of this litigation as a class action.

### FIRST CAUSE OF ACTION
(Copyright Infringement–All Plaintiffs, and those similarly situated, against Defendant Getty)

119.    Plaintiffs re-allege each allegation set forth in paragraphs 1-118 as if fully set forth herein.

120.    The Plaintiffs, as the owner of copyrights in hundreds of photographic images, have complied with the provisions of the Copyright Act, 17 U.S.C. §101, et. seq.

121.    The Plaintiffs seek to protect their rights for exclusive use and licensure of their copyrighted images, as well as to enforce Getty's obligation to manage uses of Plaintiffs' photographs.

122.    Without permission or authorization from the Plaintiffs, Getty has and continues to impermissibly use, reproduce, copy, infringe, disseminate or otherwise exploit on hundreds or thousands of occasions the Plaintiffs' copyrighted images in the Premium Access product.

123.    By commercially exploiting the Plaintiffs' copyrighted images in its products, goods and services without the Plaintiffs' consent or licensure, defendant Getty has damaged the Plaintiffs while obtaining significant economic gains in amounts to be determined at trial.

124.    By using Plaintiffs' copyrighted images in a matter they did not permit, defendant

21

Getty has misappropriated the Plaintiffs' intellectual property for its own financial gain.

## SECOND CAUSE OF ACTION

(Breach of Contract–All Plaintiffs, and those similarly situated against Defendant Getty)

125.    Plaintiffs re-allege each allegation set forth in paragraphs 1-124 as if fully set forth herein.

126.    Plaintiffs are third-party beneficiaries of open price term RMID agreements between defendant Getty and Getty's image partners, including Science Faction Images and Minden Pictures. The RMID agreements are governed by Washington law.

127.    The RMID agreements require Getty to fix prices for licensing rights managed images in good faith and in a commercially reasonable manner.

128.    Notwithstanding Getty's duty to set commercially reasonable prices under UCC § 2-305, Getty breached its duty in allowing its customers to set prices for Plaintiffs' valuable photographs at prices well below market value.

129.    By breaching its duties under the RMID agreements and the UCC, Getty caused injuries, damages and losses to the Plaintiffs, including lost revenues from the licensing of their photographs, and damage to the future value of those photographs.

## THIRD CAUSE OF ACTION

(Unjust Enrichment–All Plaintiffs, and those similarly situated against Defendant Getty)

130.    Plaintiffs re-allege each allegation set forth in paragraphs 1-129 as if fully set forth herein.

131.    Defendant Getty enriched itself by including the Plaintiffs' creative works in Premium Access.

132.    Getty's enrichment was at the Plaintiffs' expense, since the amounts recovered for the use of the subject photographs were a tiny fraction of their fair market value.

133.    Under these circumstances, equity dictates that defendant Getty make restitution to the Plaintiffs for Getty's unjust enrichment.


**WHEREFORE,** the Plaintiffs respectfully pray for judgment on their behalf for damages and losses in excess of $100,000,000.00, including exemplary damages, in amounts allowable by law, along with costs, interest, fees and any other relief as authorized by law.

**JURY TRIAL DEMANDED**

Respectfully submitted,


Kreindler & Kreindler, LLP


By

Justin T. Green
Danial A. Nelson
Richard M. Garbarini
Kreindler & Kreindler LLP
100 Park Avenue
New York, NY 10017
(212) 687- 8181
(212) 972-9432 (fax)
dnelson@kreindler.com